[Civil No. 1057.    Filed March 20, 1909.]

[100 Pac. 454.]

LONDON-GLASGOW DEVELOPMENT COMPANY, a Corporation, and J. W. BOOTH, T. A. STEWART, JOSEPH LANDON and W. P. WEBBER, Defendants and Appellants, v. FRANK POWERS and JOSEPHINE POWERS, Plaintiffs and Appellees.

1. APPEAL AND ERROR—DECISION REVIEWABLE—AFFECTING SUBSTANTIAL RIGHTS—OVERRULING PLEA TO JURISDICTION.—Civil Code 1901, section 1493, limits the jurisdiction of the supreme court upon appeal to the review of final judgments and such orders as are specified in paragraph 1214, which provides that certain orders, including orders affecting a substantial right which in effect dispose of the case, may be appealed from. Paragraph 1213 provides that, upon appeal, the supreme court may review any intermediate order involving the merits and necessarily affecting the judgment. *Held,* that an order overruling a plea to the jurisdiction of the court over the persons of defendants is not an appealable order.

APPEAL from a judgment of the District Court of the First Judicial District, in and for the County of Pima. John H. Campbell, Judge. Appeal dismissed.

The facts are stated in the opinion.

*Frank H. Hereford,* for Appellants.

The allegations of appellants' plea to the jurisdiction of the court below have not been denied and therefore stand confessed.

A resident of another state who has in good faith come into this territory to give evidence as a witness in a case here is exempt from service of a summons in a civil action against him while he is thus in attendance as a witness, and for a reasonable time thereafter in which to return home. *Brooks* v. *Farwell,* 4 Fed. 166, 2 McCrary, 220; *Kauffman* v. *Kennedy,* 25 Fed. 785; *Bolgiano* v. *Gilbert-Locke Co.,* 73 Md. 132, 25 Am. St. Rep. 582, 20 Atl. 788; *Sherwin* v. *Gundlach,* 37 Minn. 118, 33 N. W. 549; *Christian* v. *Williams,* 35 Mo. App. 297; *Malloy* v. *Brewer,* 7 S. D. 587, 58 Am. St. Rep. 856, 64

N. W. 1120; *Atchison* v. *Morris,* 11 Fed. 582, 11 Biss. 191; *Small* v. *Montgomery,* 23 Fed. 707.

It will doubtless be contended by appellees, as it was in the court below, that appellants have waived their plea of juris- diction because they filed with it a general demurrer and an answer to the merits.

This question was passed upon by the supreme court of the United States in the case of *Roberts* v. *Lewis,* 144 U. S. 653, 12 Sup. Ct. 781, 36 L. Ed. 579, in construing the statutes of the state of Nebraska, which are shown by the opinion of the court to have been identical with those set out in para- graphs 1353, page 440, and 1342, page 437 of our statutes. The case of *Linton et al.* v. *Heye,* 69 Neb. 450, 111 Am. St. Rep. 556, 95 N. W. 1040, and *Hurlburt* v. *Palmer,* 39 Neb. 158, 57 N. W. 1019, are even more explicit in setting out these stat- utes.

The statutes of the territory of Arizona expressly authorize the setting up of the plea to jurisdiction in the answer as de- fined in paragraph 1350. Appellee was required by the stat- utes of Arizona to make his plea to the jurisdiction "of the person" in his answer in abatement or in bar of the action or by demurrer. It was this answer defined by paragraph 1350 which appellant filed in the lower court.

A plea to the merits which expressly avers that it is filed subject to the plea to the jurisdiction and the traverse of the return of service already filed does not admit jurisdiction or waive the traverse. *Kahn* v. *Southern Bldg. & Inv. Assn.,* 115 Ga. 459, 41 S. E. 648.

Eugene S. Ives, and S. L. Pattee, for Appellees.

If the answer of the defendants amounts to a general ap- pearance, they have waived the claimed exemption from service of process, notwithstanding they protest in their an- swer that they are appearing specially. *Crawford* v. *Foster,* 84 Fed. 939, at page 941, 28 C. C. A. 576.

The order sustaining the plea to the jurisdiction is ap- pealable.

SLOAN, J.—An examination of the record discloses that no final judgment in this case was entered in the court below. A plea to the jurisdiction of the court over the persons of the

defendants was overruled by the trial court, and it is from this order that the defendants have attempted to appeal without waiting for any further disposition of the case to be made. By paragraph 1493, Civil Code of 1901, our jurisdiction is limited upon appeal to the review of final judgments rendered by the district courts in civil cases and such orders as are specified in paragraph 1214, Civil Code of 1901. By the latter paragraph it is provided that any order refusing a new trial or granting a motion in arrest of judgment, any order affecting a substantial right which in effect disposes of the case, any order affecting a substantial right made after judgment in some special proceeding or upon some summary application, and any order or judgment in a *habeas corpus* proceeding may be appealed from and reviewed by this court. It is provided in paragraph 1213 that upon appeal this court may review "any intermediate order involving the merits and necessarily affecting the judgment." The latter provision of the statute would, of course, permit this court to review such an order as was entered in this case upon an appeal from the final judgment entered in the case in which it was made, for it would be one which of necessity would affect such judgment. Had the court sustained the plea, it would have been in effect a final disposition of the case, and hence an appealable order under said paragraph 1214. In this instance the overruling of the plea did not necessarily dispose of the case, for under it the plaintiffs might have proceeded to judgment, in which event, if the judgment had been rendered in favor of the defendants, the latter would have had no ground for appeal.

However desirable a ruling by this court upon the question argued by counsel for both sides and sought to be raised upon this appeal may be, as we have no jurisdiction to review the ruling of the trial court until final judgment has been entered, the appeal must be dismissed; and it is so ordered.

KENT, C. J., and DOAN and NAVE, JJ., concur.