[Civil No. 2269. Filed March 27, 1925.]

[234 Pac. 563.]

DAVID A. JACOBSON, KATIE WERNER, RAY JACOBSON et al., Appellants, v. THE NORTHERN TRUST COMPANY, a Corporation, Appellee.

APPEAL AND ERROR—NO APPEAL FROM ORDER OVERRULING PLEA TO JURISDICTION BEFORE FINAL JUDGMENT.—Under statute, appeal from order overruling plea to jurisdiction of court over defendants will not lie until after final judgment.

See (1) 3 C. J., p. 494.

APPEAL from a judgment of the Superior Court of the County of Maricopa. Dudley W. Windes, Judge. Appeal dismissed.

Messrs. Zimmerman & Mulhern, for Appellants.

No appearance for Appellee.

LOCKWOOD, J.—The Northern Trust Company, a corporation, brought suit for foreclosure of a realty mortgage executed by David A. Jacobson on lots 26, 27 and 28, town site of Chandler, Maricopa county, Arizona.

Ray Jacobson and Harry J. Collis were also made parties to the suit, along with various others, and the three defendants named specially appeared in the lower court objecting to and denying the jurisdiction of the court. After hearing argument upon the objection, the trial court overruled it, and from this order overruling such objection, defendant Ray Jacobson appeals.

An exactly similar state of affairs arose in the case of *London-Glasgow Development Co. et al. v. Powers et al.,* 12 Ariz. 162, 100 Pac. 454, and we quote from that case as follows:

"A plea to the jurisdiction of the court over the persons of the defendants was overruled by the trial court, and it is from this order that the defendants have attempted to appeal without waiting for any further disposition of the case to be made. . . . 'It is provided in paragraph 1213 that upon appeal this court may review 'any intermediate order involving the merits and necessarily affecting the judgment.' The latter provision of the statute would, of course, permit this court to review such an order as was entered in this case upon an appeal from the final judgment entered in the case in which it was made, for it would be one which of necessity would affect such judgment. Had the court sustained the plea,

it would have been in effect a final disposition of the case, and hence an appealable order under said paragraph 1214. In this instance the overruling of the plea did not necessarily dispose of the case, for under it the plaintiffs might have proceeded to judgment, in which event, if the judgment had been rendered in favor of the defendants, the latter would have had no ground for appeal.

"However desirable a ruling by this court upon the question argued by counsel for both sides and sought to be raised upon this appeal may be, as we have no jurisdiction to review the ruling of the trial court until final judgment has been entered, the appeal must be dismissed; and it so ordered."

The statute governing appeals at that time, so far as it is material to the consideration of this case, was substantially the same as it is now, and for the reasons set forth in the above cited case the appeal is dismissed.

McALISTER, C. J., and ROSS, J., concur.